UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

KIARKE J. THOMAS,

                      Defendant.

**MEMORANDUM & ORDER**
16-CV-6076 (MKB)

---

MARGO K. BRODIE, United States District Judge:

      Plaintiff United States of America commenced the above-captioned action on November 2, 2016, against Defendant Kiarke J. Thomas, seeking to recover the unpaid balance on Defendant's federal student loan. (Compl., Docket Entry No. 1.) Defendant failed to respond to the Complaint or appear in the action, and on December 19, 2016, Plaintiff filed a request for a certificate of default with the Clerk of Court. (Docket Entry No. 7.) The Clerk of Court issued a certificate of default on December 20, 2016. (Docket Entry No. 8.) Plaintiff moves for a default judgment against Defendant and requests costs as well as prejudgment and post-judgment interest. (Pl. Mot. for Default J. ("Pl. Mot."), Docket Entry No. 9; Pl. Affirmation in Supp. of Pl. Mot. ("Pl. Affirmation"), Docket Entry No. 9-1.)[1] For the reasons discussed below, the Court grants Plaintiff's motion and awards Plaintiff damages for the unpaid principal in the amount of $3400.83, costs in the amount of $76.98, and prejudgment and post-judgment interest.[2]

---

      [1] Because Plaintiff's Affirmation is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

      [2] Plaintiff did not request attorneys' fees. (Pl. Affirmation 3.)

I. **Background**

The William D. Ford Federal Direct Loan Program (the "Program") established under the Higher Education Act of 1965, permits the United States Department of Education ("DOE") to loan funds to individuals for qualified higher-education expenses. 20 U.S.C. § 1087e *et seq.* On September 16, 1998, Defendant executed a promissory note to secure a loan under the Program in the amount of $7500 with a variable yearly interest rate to cover expenses related to his attendance at the Borough of Manhattan Community College. (Promissory Note, Docket Entry No. 9-3; Certificate of Indebtedness ("COI"), annexed to Compl.) The DOE disbursed the loan funds in October of 1998 and March of 1999. (COI.) The DOE demanded payment according to the terms of the promissory note, but on May 25, 2009, Defendant defaulted. (COI.) The remaining principal balance on the loan is $3400.83. (COI.)

Plaintiff subsequently commenced this action to collect the remaining funds due on the loan. (Compl. 1–2.)[3] Plaintiff seeks damages for the unpaid principal balance on the loan in the amount of $3400.83, prejudgment interest calculated at a daily rate of $0.25 up to the date of the entry of the default judgment, and costs in the amount of $76.98 that Plaintiff incurred to perfect service of the summons and Complaint on Defendant. (Compl. 1–2; Pl. Affirmation 2–4.)

II. **Discussion**

   a. **Standard of review**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645

---

[3] Because the Complaint is not consecutively paginated, the Court refers to the page number assigned by ECF.

F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond," *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *LG Funding, LLC*, 2015 WL 4390453, at *2 ("To determine whether the default judgment should issue, the Court examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))).

    **b. Liability**

In an action commenced by the DOE to collect funds due on an unpaid student loan, the DOE is entitled to judgment in its favor if it establishes that the defendant signed a promissory note to secure the loan, the DOE issued the loan funds, the defendant defaulted on the loan and the remaining amount due on the loan. *See United States v. Cohan*, 111 F. Supp. 3d. 166, 172 (D. Conn. 2015) ("The Government is entitled to summary judgment if its evidence establishes that defendant signed promissory notes, received loans pursuant to these notes, and defaulted on

his payment obligations and if its evidence supports the amount it alleges is due." (alterations, citations and internal quotation marks omitted)); *United States v. Jones*, No. 11-CV-2869, 2015 WL 332115, at *2–3 (E.D.N.Y. Jan. 23, 2015) (finding that the DOE is entitled to judgment on an action to collect on an unpaid student loan if the DOE establishes that the "defendant took out the loan at issue, . . . executed a promissory note to secure [the loan], . . . [t]he loan was disbursed . . . [the] defendant defaulted on the obligation . . . [and the defendant] owes the amount in question"); *United States v. Thomas*, No. 12-CV-253, 2013 WL 685778, at *1 (N.D.N.Y. Feb. 25, 2013) (finding that the DOE is entitled to judgment on an action to collect on an unpaid student loan if the DOE establishes that the "[d]efendant executed a promissory note to secure [the loan], . . . the total loan debt owed . . . [and that the] [d]efendant has not paid"); *United States v. Brow*, No. 01-CV-4797, 2011 WL 2845300, at *3 (E.D.N.Y. July 13, 2011) (finding that the DOE is entitled to judgment on an action to collect on an unpaid student loan if the DOE establishes that the defendant "took out the loans," submits "loan origination documents," shows that the defendant "has not paid the[] loans in full," and evidences "the amount of the loss").

The DOE may establish all of the elements entitling it to a judgment if it includes facts alleging each element in its complaint and provides the court with the promissory note the defendant executed and a certificate of indebtedness. *See United States v. Bunbury*, No. 15-CV-3764, 2015 WL 9050581, at *2 (E.D.N.Y. Dec. 15, 2015) (finding that the "[p]laintiff's allegations in the complaint and the certificates of indebtedness established [the] defendant's liability in connection with a motion for default judgment regarding claims for unpaid student loan payments" (citation omitted)); *Cohan*, 111 F. Supp. 3d at 172 (finding that the DOE is entitled to summary judgment in an action to collect an unpaid student loan when it submits a

4

promissory note executed by the defendant and a certificate of indebtedness); *Jones*, 2015 WL 332115, at *2 (finding that the DOE was entitled to summary judgment in action to collect an unpaid student loan where it submitted a promissory note executed by the defendant and a certificate of indebtedness); *Brow*, 2011 WL 2845300, at *3 (finding that loan origination documents and a certificate of indebtedness "constitute sufficient proof that a defendant has defaulted on his student loan debt" (citation omitted)).

Here, Plaintiff has established that it is entitled to a default judgment for the unpaid amount of the loan. Plaintiff alleges that Defendant executed a promissory note for the loan, it disbursed the loan funds, Defendant failed to make payments under the terms of the promissory note, and the loan has a remaining unpaid principal balance of $3400.83. (Compl. 1–2.) Plaintiff has provided the Court with the COI and copies of the promissory note. (COI; Promissory Note.) Accordingly, Plaintiff has established that it is entitled to a default judgment against Defendant for the unpaid loan. *See Cohan*, 111 F. Supp. 3d at 172; *Jones*, 2015 WL 332115, at *2–3.

    c.   **Damages, interest and costs**

The Higher Education Act allows the DOE to "require any borrower who has defaulted on a loan made under this part to pay all reasonable collection costs association with such loan," 20 U.S.C. § 1087e(d)(5)(A), which include prejudgment interest and the costs of perfecting service of the summons and complaint on a defendant-borrower. *Bunbury*, 2015 WL 9050581, at *2–3; *Jones*, 2015 WL 332115, at *2–3. On a motion for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (alteration in original) (quoting *Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed," however, "such a hearing is not mandatory." *Id.* No hearing is required "as long as [the court] ensure[s] that there [i]s a basis for the damages specified in the default judgment," *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted), and this requirement may be satisfied "upon a review of detailed affidavits and documentary evidence," *Metro Found. Contractors Inc.*, 699 F.3d at 234; *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) ("Even when the [district] court determined damages with the aid of a single affidavit only partially based upon real numbers, we have not found an abuse of discretion in the district court's failure to hold an evidentiary hearing." (citations and internal quotation marks omitted)).

Here, in light of the documentary evidence submitted in support of Plaintiff's motion, the Court is able to determine damages without an evidentiary hearing. Plaintiff seeks: $3400.83 in damages for the unpaid principal balance of the loan; $596.15 in interest accrued as of December 27, 2016; $0.25 per day in prejudgment interest, calculated until the entry of judgment; $76.98 in costs that Plaintiff incurred in perfecting service of the summons and Complaint on Defendant; and post-judgment interest pursuant to 28 U.S.C. § 1961. (Pl. Affirmation 2–4.) In support of its requests for damages, interest and costs, Plaintiff submitted the COI, the promissory note and a receipt of service costs. (Pl. Affirmation 2–4; COI, Promissory Note; Receipt of Service Costs, Docket Entry No. 9-5.) Plaintiff's evidence therefore establishes that it is entitled to a default judgment in the amount of $4073.96, plus interest calculated at a rate of $0.25 per day from December 28, 2016 until the entry of judgment. *See Bunbury*, 2015 WL 9050581, at *2–3

(finding that because the DOE submitted a certificate of indebtedness and evidence of costs of service, it was entitled to the unpaid principal, accrued interest, prejudgment interest and costs of service). Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 until the judgment is paid in full. *See Jones*, 2015 WL 332115, at *3 (finding that the DOE was "entitled to post-judgment interest pursuant to 28 U.S.C. § 1961").

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for a default judgment. The Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $3400.83 in unpaid principal, $596.15 in accrued interest, an additional $0.25 in interest for each day after December 27, 2016 until judgment is entered, $76.98 in costs, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961. Upon entry of the judgment, the Clerk of the Court is directed to close this case.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 19, 2017
 Brooklyn, New York